IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE R. PETTENGILL, CHRISTOPHER L. PETTENGILL,
BRIDGET R. PETTENGILL and
WILLIE R. PETTENGILL, as next friend of ENP, a minor,

                                           OPINION and ORDER

        Plaintiffs,

                                           17-cv-677-bbc

    v.

HON. BRODERICK CAMERON, HON. STEVEN R. CRAY,
GAIL PROCK, KERI HOEL, DEBORAH ASHER, RITA RAIHLE,
LAUREN OTTO, PAMELA VEITH, ROBERT THORSON,
NATASHA HENNING, ESTATE OF NANSTAD, Deceased,
TERESA NANSTAD and DOES 1-20,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This action arises out of a state domestic relations case involving the custody and placement of plaintiff Willie R. Pettengill's and defendant Natasha Henning's minor child. Willie R. Pettengill, his father Christopher L. Pettengill, and his mother Bridget R. Pettengill, have filed a 43-page complaint against 12 individual defendants and 20 John Doe defendants, including two Wisconsin circuit court judges (defendants Broderick Cameron and Steven Cray), two Wisconsin court-appointed guardians ad litem (Gail Prock and Kari Hoel), five Wisconsin lawyers (Deborah Asher, Rita Raihle, Lauren Otto, Pamela Veith, and Robert Thorson), the mother of Willie Pettengill's minor child (Natasha Henning), Henning's mother (Teresa Nanstad) and the estate of the Henning's father (David Nanstad). Plaintiffs invoke the jurisdiction of this court under 28 U.S.C. §§ 1331, 1332, 1343 and

1

1367, and seek declaratory and injunctive relief and compensatory and punitive damages.

Plaintiffs contend that defendants deprived them of their constitutional rights to due process, including a constitutionally-protected relationship with the minor child. Plaintiffs also allege that defendants Prock and Hoel (the state-court appointed guardians ad litem) failed to take any action to protect the minor child from repeated exposure to sexual predators who cohabited with defendant Henning or to a "chronically drug-addicted and chronically-relapsing" mother. Finally, plaintiffs bring a claim against the estate of David Nanstad for sexual assault and battery against a minor child; a legal malpractice claim against defendant Otto and her law firm; a malpractice claim against defendant Thorson and his law firm; a malpractice claim against defendant Veith and her law firm; and a breach of contract claim against Veith.

All defendants except Natasha Henning have filed motions to dismiss the claims against them. Defendants Cameron, Cray, Prock and Hoel (the state defendants) have moved to dismiss this action against them on the grounds of judicial immunity, quasi-judicial immunity, Eleventh Amendment immunity, the Rooker-Feldman doctrine, issue preclusion and the domestic relations exception (dkt. #11). Defendants Deborah Asher (dkt. #9), Robert Thorson (dkt. #15), Rita Raihle (dkt. #16), Lauren Otto (dkt. #17), Estate of David Nanstad (dkt. #21), Teresa Nanstad (dkt. #23) and Pamela Veith (dkt. #28) have moved to dismiss the action against them for failure to state a claim upon which relief may be granted. Additionally, defendants Veith (dkt. #32), Otto (dkt. #36) and Asher (dkt. #41) have moved for sanctions against plaintiffs. Plaintiffs have not responded in any way to any

2

of defendants' motions. For the reasons below, I am granting all of defendants' motions. Additionally, I am dismissing the claims against defendant Natasha Henning because plaintiffs failed to file proof of service as to Henning despite multiple requests from the court to do so. (Dkt. #31).

OPINION

A. Motions to Dismiss

As a threshold matter, plaintiffs have waived all of their claims by failing to respond to any of the arguments defendants raised in their motions to dismiss. Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); United States v. Farris, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge[.]"). On this basis alone, I could dismiss all of plaintiffs' claims. Citizens for Appropriate Rural Roads v. Foxx, 815 F.3d 1068, 1078 (7th Cir. 2016) ("[B]y failing to respond in any way to any of the arguments advanced by Defendants regarding counts 9, 14, 15, and 16, Plaintiffs have waived their claims."); Goodpaster v. City of Indianapolis, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived.").

Moreover, defendants' arguments are meritorious. After reviewing plaintiffs' complaint, it is clear that all of plaintiffs' claims must be dismissed. Plaintiffs' claims against

3

defendants Cameron and Cray are barred by the concept of judicial immunity, which applies to the actions of judges taken in their judicial capacity, Stump v. Sparkman, 435 U.S. 349, 355-56 (1978), and their claims against Prock and Hoel are barred by quasi-judicial immunity. Cooney v. Rossiter, 583 F.3d 967, 970 (7th Cir. 2009). With respect to the other defendants, plaintiffs' allegations are insufficient to state any plausible claim for relief against any of them. Plaintiffs assert constitutional claims against the various defendants who are lawyers, but these defendants are clearly non-governmental actors who cannot be sued under 42 U.S.C. § 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 835 (1982). Additionally, plaintiffs' state law claims for malpractice, breach of contract and tort are supported only with vague and conclusory allegations.

Finally, most of plaintiffs' claims are barred by the doctrines of issue preclusion, Rooker-Feldman and the domestic relations exception because plaintiffs are attempting to challenge issues raised in state court, as well as state court decisions regarding child custody and placement. The doctrine of issue preclusion bars relitigation of issues that have been litigated and decided in a previous action. Aldrich v. Labor & Industry Review Commission, 2012 WI 53, ¶ 89, 341 Wis. 2d 36, 68, 814 N.W.2d 433, 449.

The Rooker-Feldman doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005). See also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Generally, litigants who believe that a state court proceeding has violated their

federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. Golden v. Helen Sigman & Assoc., Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that Rooker-Feldman barred review of claims related to state court divorce and child custody proceedings); T.W. by Enk v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997) (applying Rocker-Feldman to Wisconsin child-custody decision).

With respect to child custody decisions in particular, those fall within the area of family or domestic relations, which is governed by state law. Rose v. Rose, 481 U.S. 619, 625 (1987) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.")); Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); De Sylva v. Ballentine, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues, which belong in state court. Struck v. Cook County Public Guardian, 508 F.3d 858, 859 (7th Cir. 2007).

In sum, plaintiffs' complaint contains no viable claim against any defendant. Accordingly, I will grant defendants' motions to dismiss and close this case.

### B. Motions for Sanctions

Defendants Pamela Veith, Lauren Otto and Deborah Asher have moved for sanctions

against plaintiffs under Federal Rule of Civil Procedure 11 for filing frivolous claims. Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Each of these defendants complied with Rule 11(c)(2), which required them to give plaintiffs 21 days to withdraw their frivolous claims. (Dkt. ##34-1, 40-3, 42-1).

I agree with defendants that the claims that plaintiffs asserted in their complaint are legally frivolous. As discussed above, plaintiffs have not even attempted to assert an arguable basis for suing defendants Veith, Otto or Asher. Further, plaintiffs' counsel should have known that plaintiffs' claims were legally groundless. Plaintiffs' counsel violated Rule 11(b)(2) by asserting claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." By failing to withdraw the frivolous claims after being warned by defendants, plaintiffs'

6

counsel caused both defendants and the court to expend significant time and resources in addressing the claims. Accordingly, I conclude that an appropriate sanction is to require plaintiffs' counsel, Eliyahu Yuli Kaplunovsky, to pay the attorney fees and expenses defendants Veith, Otto and Asher incurred in defending against the frivolous claims. <u>Brandt v. Schal Associates, Inc.</u>, 960 F.2d 640, 646 (7th Cir. 1992) ("When defending a spurious lawsuit attorneys' fees are an inevitable ingredient in the expenses, and they represent one reasonable measure of sanctions aimed at deterring the perpetrator and compensating the victim.").

ORDER

IT IS ORDERED that

1. Defendant Pamela Veith's motions for judicial notice of state court orders, dkt. #26, and to seal the records, dkt. #27, are GRANTED.

2. The motions to dismiss filed by defendants Deborah Asher, dkt. #9, Broderick Cameron, Steven R. Cray, Kari Hoel and Gail Prock, dkt. #11, Robert Thorson, dkt. #15, Rita Raihle, dkt. #16, Lauren Otto, dkt. #17, Estate of David Nanstad, dkt. #21, Teresa Nanstad, dkt. #23, and Pamela Veith, dkt. #28, are GRANTED.

3. Plaintiffs' claims against defendant Natasha Henning are DISMISSED for failure to show proof of service. Defendant Henning is DISMISSED from this action.

4. The motions for sanctions filed by defendants Pamela Veith, dkt. #32, Lauren Otto, dkt. #36, and Deborah Asher, dkt. #41, are GRANTED.

5. Defendants Pamela Veith, Lauren Otto and Deborah Asher may have until February 8, 2018, to submit an itemized request for attorney fees. Plaintiffs may have until February 15, 2018 to file a response, if any.

6. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 30th day of January, 2018.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge