IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE R. PETTENGILL, CHRISTOPHER
L. PETTENGILL, BRIDGET R. PETTENGILL
and WILLIE R. PETTENGILL,
as next friend of ENP, a minor,

                    OPINION AND ORDER

          Plaintiffs,

                    17-cv-677-bbc

     v.

HON. BRODERICK CAMERON, HON.
STEVEN R. CRAY, GAIL PROCK,
KERI HOEL, DEBORAH ASHER, RITA
RAIHLE, LAUREN OTTO, PAMELA VEITH,
ROBERT THORSON, NATASHA
HENNING, ESTATE OF NANSTAD, Deceased,
TERESA NANSTAD and DOES 1-20,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 30, 2017, plaintiff Willie R. Pettengill, his father Christopher L. Pettengill, and his mother Bridget R. Pettengill filed this action arising out of a guardianship and family court matter involving the custody and placement of Willie Pettengill's and defendant Natasha Henning's minor child. Plaintiffs named as defendants two judges, two guardians ad litem, six attorneys, the mother of the minor, the maternal grandmother, the estate of the maternal grandfather and 20 Doe defendants, and alleged various torts, including violations of the United States Constitution, conspiracy, sexual assault and battery and malpractice.

1

Between October 12 and October 17, 2017, all defendants moved for dismissal on various grounds, with the exception of defendant Natasha Henning, for whom plaintiffs never filed proof of service. On October 18, November 1 and November 8, 2017, the court requested that plaintiffs' counsel provide proof of service for defendants as required by Federal Rule of Civil Procedure 4. Plaintiffs failed to do so. On November 8, 2017, Magistrate Judge Crocker entered an order stating that plaintiffs had failed to respond to the motions to dismiss, their deadline for doing so had passed and all of the motions would be taken under advisement by the court, which would not accept late-filed responses from plaintiffs. Dkt. #31. Plaintiffs did not move for reconsideration of Judge Crocker's order or otherwise request leave of the court to file their responses immediately. Then, between November 9 and November 30, 2017, three parties moved for sanctions against plaintiffs with each complying with the "safe harbor" requirements of providing plaintiffs 21 days to withdraw their frivolous claims. Plaintiffs did not respond to the motions for sanctions or attempt to communicate with the court in any way.

On January 30, 2018, I entered an order granting the unopposed motions to dismiss filed by defendants, as well as the unopposed motions for sanctions filed by defendants Pamela Veith, Lauren Otto and Deborah Asher. Dkt. #46. I concluded that plaintiffs had waived any arguments against dismissal by failing to respond in any way to the dismissal motions and, in any event, plaintiffs' claims were barred by the doctrines

of judicial immunity, quasi-judicial immunity, Eleventh Amendment immunity, issue preclusion, Rooker-Feldman and the domestic relations exception, or their allegations were too vague and conclusory to support claims for relief.

On February 9, 2018, in their first communication with the court since filing this case in August 2017, plaintiffs filed a motion for reconsideration of the dismissal and sanctions order under Federal Rules of Civil Procedure 59(e) and 60(b), arguing that I misapprehended the facts and controlling law. Dkt. #52. For the reasons below, I am denying plaintiffs' motion. I am granting defendants' motions for sanctions, as discussed below.

OPINION

A. Plaintiffs' Motion for Reconsideration

Plaintiffs cite Federal Rules of Civil Procedure 59(e) and 60(b) as the basis for their motion for reconsideration. "To prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012) (citations omitted). See also Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). Under Rule 60(b), a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that

3

justifies relief." Fed. R. Civ. P. 60(b)(1) and (6).  Relief under Rule 59(e) or 60(b) is "an extraordinary remedy" reserved for the "exceptional" case.  McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000) (Rule 60(b)); Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008) (Rule 59(e)).  Motions for relief from judgment are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier."  Miller v. Safeco Ins. Co. of America, 683 F.3d 805, 813 (7th Cir. 2012).

Plaintiffs make three primary arguments in their motion for reconsideration: (1) they failed to file responses to defendants' various motions because a paralegal at plaintiffs' counsel's law firm was injured in a car accident; (2) the court erred in holding that plaintiffs conceded the merits of defendants' arguments by failing to oppose the motions to dismiss; and (3) the court erred by concluding that plaintiffs' claims should be dismissed under various doctrines.  However, none of plaintiffs' arguments are well-developed, supported by any evidence or sufficient to satisfy the standards for obtaining relief under Rules 59(e) or 60(b).

First, plaintiffs state that a paralegal who had been working on this case was in a serious car accident on October 27, 2017.  Although I am sympathetic to counsel's situation, the accident is not a valid basis for relief under Rule 59(e) or 60(b), particularly when counsel has provided no evidence, such as a declaration or other

4

verification, to support his statement about the accident. Moreover, counsel has not attempted to explain why the accident prevented him from communicating with the court or defendants about his circumstances, such as by filing a motion for extension of his briefing deadlines. By the time of the accident, counsel should have been well aware that seven motions to dismiss were pending and the court had asked plaintiffs to file proof of service. Nonetheless, counsel did not file proof of service, any type of response to the dismissal motions or the sanction motions filed later. (Without citing to any evidence, counsel says in his brief that he drafted and sent an opposition brief to one set of defendants but because of a "filing snafu," he never e-filed the brief with the court. Plts.' Br., dkt. #52, at 17-18. This is irrelevant, however, because the court cannot consider a brief that is not before it. Moreover, plaintiffs do not attempt to explain why they failed to resubmit the brief after the magistrate judge noted on November 8, 2017, that no opposition had been filed to any of the motions to dismiss.)

Even accepting as true that the injured paralegal had done considerable work on the case, the accident is not a valid reason for a lawyer to abandon a case, even temporarily, or fail to communicate with the court and opposing counsel. As the court of appeals explained in Harrington v. City of Chicago, 433 F.3d 542, 548 (7th Cir. 2006), when an attorney is going through a "difficult period," the attorney "should [] contact[] the district court and opposing counsel to explain his circumstances and to work out amicable solutions," rather than simply abandon the case temporarily. Thus,

in Harrington, the court rejected the argument that a lawyer's inaction should be excused by the deaths of his sister and father, because he had kept the court and opposing counsel "in the dark" and had failed to seek accommodations through enlargement of deadlines. Id. For similar reasons, it is too late for plaintiffs' counsel to request accommodation based on an accident involving a paralegal at his firm.

Second, plaintiffs argue that it was error to conclude that they waived any argument against dismissal by failing to respond defendants' motions to dismiss. Plaintiffs argue that even if they did not submit any opposition, I should have reviewed the allegations of their 43-page complaint to determine whether their allegations were sufficient to state a legal claim. Despite plaintiffs' arguments to the contrary, it is well-established that "a party waives an argument by failing to make it." Hayes v. City of Chicago, 670 F.3d 810, 815 (7th Cir. 2012); Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011); Lekas v. Briley, 405 F.3d 602, 614 (7th Cir.2005). "That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate." G & S Holdings LLC v. Continental Casualty Co., 697 F.3d 534, 538 (7th Cir. 2012).

In this case, each defendant made specific arguments as to why plaintiffs' allegations failed to state plausible claims against him or her. Plaintiffs failed to respond to any of the arguments raised in the seven motions to dismiss, but suggest that it was the court's obligation to make arguments for them. However, "when presented with a

motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." County.of McHenry v. Insurance ounCo. of the West, 438 F.3d 813, 819 (7th Cir. 2006) (citing Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995)). "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response." Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). For these reasons, I am not persuaded that it was error to conclude that plaintiffs had conceded the merits of defendants' arguments by failing to oppose them.

Moreover, as discussed in my previous order, I did review plaintiffs' complaint and concluded that the claims were barred for various reasons, including judicial immunity, quasi-judicial immunity, Rooker-Feldman doctrine, issue preclusion, the domestic relations exception and attempting to sue non-governmental actors under 42 U.S.C. § 1983 and failure to include allegations sufficient to state any other claim. Dkt. #46 at 3-5. Plaintiffs assert that I applied incorrect legal standards when evaluating these doctrines, but plaintiffs make little effort to explain what was incorrect about the court's analysis or to address the merits of defendants' legal arguments. Instead, plaintiffs devote more than 20 pages of their 35-page brief to cutting and pasting portions of their complaint or otherwise summarizing the factual allegations of the

complaint. With respect to legal analysis, plaintiffs make assertions such as, "this action is not barred by the Rooker-Feldman doctrine. For an explanation of why, this Court should review Exxon Mobil Corp v Saudi Basic Industries Corp, 544 US 280 (2005)." Plts.' Br., dkt. #52, at 33. Plaintiffs make no attempt to develop their argument further, such as by explaining why they believe the case is controlled by Exxon.

Similarly, plaintiffs object to the conclusion that many of their allegations are too vague to state a claim for relief by including this statement in their brief: "'Plaintiffs' state law claims are supported only with vague and conclusory allegations' is the Court's statement. Pot, meet kettle. That is the entire analysis of the Court." Plts.' Br., dkt. #52, at 23. However, plaintiffs do not explain why their allegations are sufficient to state a claim upon which relief may be granted under any federal or state legal theory. Instead, they simply follow this statement with several pages of text cut from their complaint. Not only is counsel's tone inappropriate (and surprising in the context of a motion for reconsideration), but counsel fails to identify any specific error in the conclusion that his allegations are inadequate to state a claim.

Plaintiffs' only developed argument addresses his claims against judges and guardians ad litem, which I concluded were barred by the doctrines of judicial and quasi-judicial immunity, among other reasons. Plaintiffs argue that these doctrines do not apply to requests for declaratory or prospective injunctive relief. By failing to raise this in an opposition brief, plaintiffs waived this argument. Moreover, it is without merit.

8

Under 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiffs do not allege in their complaint that any of the defendants have violated a declaratory order or that declaratory relief would be unavailable by appealing the judges' orders. Tatum v. Cimpl, No. 14-CV-690-JDP, 2016 WL 3963250, at *2 (W.D. Wis. July 21, 2016) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Finally, plaintiffs argue that I should have permitted them leave to amend their complaint, rather than dismissing the case. However, plaintiffs never filed a proposed amended complaint or provided any reason to believe that an amendment would cure the legal and factual defects of their original complaint. As the court of appeals has explained,

> [O]nce a final judgment has been entered, the normal right to amend once as a matter of course under Fed. R. Civ. P. 15(a) is extinguished. What the aggrieved party must do, instead, is to file a motion under Rule 59(e) seeking relief from judgment, and, if it believes that the deficiencies can be cured through an amended complaint it must proffer that document to the court in support of its motion.

Fannon v. Guidant Corp., 583 F.3d 995, 1002 (7th Cir. 2009). Moreover, I would have been unlikely to grant such a request in an event, because "Rule 59(e) motions may not be used to cure defects that could have been addressed earlier. Id.

In conclusion, plaintiffs have failed to present either newly discovered evidence

9

or to establish a manifest error of law or fact, as required under Rule 59(e), and have failed to present any admissible evidence of mistake, inadvertence, surprise, or excusable neglect, as required under Rule 60(b). Therefore, plaintiffs' motion for reconsideration of the dismissal will be denied.

B. Motions for Sanctions

In the previous order in this case, I granted the request for sanctions under Fed. R. Civ. P. 11 filed by defendants Veith, Otto and Asher. In particular, I concluded that plaintiffs' counsel, Eliyahu Yuli Kaplunovsky, was required to pay the attorney fees and expenses these defendants incurred in defending against the frivolous claims. These defendants filed itemized statements of costs and fees, dkt. ##47-1, 48, 50, and plaintiffs did not file any objection or other response to them, aside from their brief in support of their motion for reconsideration of the dismissal order. After reviewing the itemized statements and explanations from counsel, I find that the request for fees and costs submitted by counsel for defendants Asher ($4,513.27) and Veith ($4,072.00) are reasonable and an appropriate sanction under Rule 11. However, I find that Joel Zylstra's request for $9,315,50, is unreasonable in light of the relatively simple motion to dismiss he filed. Additionally, Zylstra's itemized statement reflects an unnecessary amount of time spent on simple tasks such as checking the docket and communicating with counsel for the other defendants. Therefore, I will reduce Zylstra's request to

$5,000, to be closer to the requests submitted by the other defendants.  I will permit each of these defendants to supplement their itemization of fees to reflect the time they spent responding to plaintiffs' motion for reconsideration.

On February 19, 2018, Timothy Edwards, counsel for defendant Robert Thorson, filed a motion for Rule 11 sanctions, stating that he too submitted a safe harbor to plaintiffs' counsel on October 12, 2017, to which plaintiffs did not respond.  Dkt. #59.  Plaintiffs filed a brief in opposition to Edwards's sanctions motion, but the majority of the brief consists of sections cut and pasted from plaintiffs' complaint and their motion for reconsideration of the dismissal order.  Dkt. #63.  Plaintiffs raised no persuasive argument for not sanctioning them for failing to voluntarily withdraw the frivolous claims they alleged against defendant Thorson, who is not a "state actor" under the law and is therefore immune to claims under 42 U.S.C. § 1983.  Therefore, I will grant Thorson's motion for sanctions as well.

ORDER

IT IS ORDERED that

1.  The motion for reconsideration filed by plaintiffs Willie R. Pettengill, Christopher L. Pettengill and Bridget R. Pettengill, dkt. #52, is DENIED.

2.  Defendant Robert Thorson's motion for sanctions, dkt. #59, is GRANTED.  Thorson may have until April 4, 2018, to submit an itemized request for attorney fees.

Plaintiffs may have until April, 11, 2018 to file a response, if any.

3. Defendant Pamela Veith's motion for fees and costs, dkt. #49, is GRANTED. Plaintiffs' counsel, Eliyahu Yuli Kaplunovsky, may have until April 25, 2018, in which to pay Veith $4,072.00 to compensate him for the fees and costs incurred in defending this action.

4. Defendant Deborah Asher's motion for fees and costs, dkt. #48, is GRANTED. Kaplunovsky may have until April 25, 2018, to pay Asher $4,513.27 to compensate Asher for the fees and costs incurred in defending this action.

5. Defendant Lauren Otto's motion for fees and costs, dkt. #47, is GRANTED IN PART and DENIED IN PART, as set forth above. Kaplunovsky may have until April 25, 2018, to pay Otto $5,000.00 to compensate Otto for the fees and costs incurred in defending this action.

6. Defendants Veith, Asher and Otto may have until April 13, 2018, to supplement their request for fees and costs to reflect the time they spent responding to plaintiffs' motion for reconsideration. Plaintiffs may have until April 27, 2018 to file a response, if any.

Entered this 28th day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge