IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE R. PETTENGILL, CHRISTOPHER
L. PETTENGILL, BRIDGET R. PETTENGILL
and WILLIE R. PETTENGILL,
as next friend of ENP, a minor,

              Plaintiffs,

     v.

HON. BRODERICK CAMERON, HON.
STEVEN R. CRAY, GAIL PROCK,
KERI HOEL, DEBORAH ASHER, RITA
RAIHLE, LAUREN OTTO, PAMELA VEITH,
ROBERT THORSON, NATASHA
HENNING, ESTATE OF NANSTAD, Deceased,
TERESA NANSTAD and DOES 1-20,

              Defendants.

OPINION AND ORDER

17-cv-677-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs, represented by Attorney Eliyahu Yuli Kaplunovsky, filed this lawsuit on August 30, 2017. Defendants filed an unopposed motion to dismiss, which I granted on January 30, 2018. I also granted the unopposed motions for sanctions under Fed. R. Civ. P. 11 filed by defendants Pamela Veith, Lauren Otto and Deborah Asher. Dkt. #46. Plaintiffs sought reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b), but I denied those motions on March 28, 2018. Dkt. #65. Additionally, I granted a motion for sanctions filed by defendant Robert Thorson and permitted defendants Veith, Asher and Otto to seek additional fees and costs incurred in responding to plaintiff's motion for reconsideration. Dkt. #65. On May 4, 2018, I granted additional costs to defendants and

1

clarified that all of the sanctions were owed by plaintiffs' counsel, Attorney Kaplunovsky, and not by plaintiffs themselves. Dkt. #74. Thus, as of May 4, 2018, Attorney Kaplunovsky had been ordered to pay a total of $20,075.27 in sanctions, as set forth below:

- $4,513.27 to defendant Asher, $4,072.00 to defendant Veith and $5,000.00 to defendant Otto by April 25, 2018;

- $4,988.70 to defendant Thorson, $473.80 to defendant Asher, $384.00 to defendant Veith and $643.50 to defendant Otto by June 7, 2018.

According to affidavits submitted by defendants' attorneys, Kaplunovsky has not paid any of the sanctions ordered by the court. Nor has he attempted to contact defendants' attorneys to discuss his plans for paying the sanctions owed. Kaplunovsky filed a notice of appeal, but the appeal was dismissed on July 13, 2018 for his failure to submit a docketing statement as ordered by the court of appeals. Dkt. #77.

Kaplunovsky's failure to respond in any way to this court's sanction orders has prompted defendants Asher, Veith, Otto and Thorson to file motions for a finding of contempt against Kaplunovsky. Dkt. ##75, 78, 80, 82. Plaintiffs contend that Kaplunovsky should be found in contempt and further sanctioned for his blatant disregard of this court's orders. Kaplunovsky filed a 38-page response to the contempt motion filed by defendant Thorson, primarily repeating arguments about the merits of the case that I have already considered and rejected. Dkt. #84. He also states, without citation to any evidence, that he "cannot possible discharge such a financial sanction" and he "has had no opportunity to show his financial situation does not allow for such payments as the Court

has ordered." Id. at 37-38.

OPINION

To succeed on a contempt petition, defendants must demonstrate by clear and convincing evidence that Kaplunovsky violated the express and unequivocal command of a court order. Lightspeed Media Corp. v. Smith, 761 F.3d 699, 711 (7th Cir. 2014). Specifically, defendants must show that (1) the order set forth an unambiguous command; (2) Kaplunovsky violated that command; (3) his violation was significant; and (4) he failed to take steps reasonably and diligently to comply with the order. Id. (citing Federal Trade Commission v. Trudeau, 579 F.3d 754, 763 (7th Cir. 2009); Prima Tek II, LLC v. Klerk's Plastic Indus., B.V., 525 F.3d 533 (7th Cir. 2008)).

In this instance, defendants have satisfied their burden. The previous orders requiring Attorney Kaplunovsky to pay the attorney fees and costs to defendants by specific deadlines were unambiguous. Defendants have submitted unrebutted evidence, in the form of affidavits from counsel, that Kaplunovsky failed to comply with the unambiguous orders. Further, his violation is significant, as he has not taken any steps to comply or even attempt to communicate with defendants about a plan for compliance. Kaplunovsky's arguments about the merits of plaintiffs' claims are unpersuasive and irrelevant at this stage. Therefore, I find preliminarily that Attorney Kaplunovsky is in contempt of this court's orders.

Attorney Kaplunovsky states in his response to defendant Thorson's motion that he "cannot possibl[y]" pay the sanctions he owes. "Inability to pay is indeed a valid defense in

contempt proceedings." Lightspeed Media Corp., 761 F.3d at 712. However, "[w]hen 'there has been no effort at even partial compliance with the court's order, the inability-to-pay defense requires a showing of a "complete inability" to pay.'" Id. (citation omitted). Thus, to succeed on an "inability to pay" defense, Kaplunovsky has the burden of establishing "clearly, *plainly*, and *unmistakably*" that "compliance is impossible." Id. (Emphasis in original). Kaplunovsky has not come close to satisfying this burden. He has submitted no evidence suggesting that he has a "complete inability" to pay any of the sanctions owed. In fact, he has submitted no evidence at all regarding his finances. Thus, Kaplunovsky has not shown an inability to pay. However, as discussed below, I will give Kaplunovsky another opportunity to submit evidence showing his inability to pay.

Unless Kaplunovsky shows that he has a complete inability to pay, I will impose additional contempt sanctions. Contempt sanctions may be either criminal or civil. Trudeau, 579 F.3d at 769. Generally, civil contempt "is remedial, and for the benefit of the complainant," while criminal contempt "is punitive, to vindicate the authority of the court." Id. (citations omitted). In terms of monetary sanctions, civil sanctions fall in two categories. Civil monetary sanctions can compensate the complainant for his losses caused by the contemptuous conduct, or they can coerce compliance with a court order. Id. "A coercive sanction must afford the contemnor the opportunity to 'purge,' meaning the contemnor can avoid punishment by complying with the court order." Id. (citations omitted). On the other hand, a criminal contempt sanction is "a 'flat, unconditional fine'" for which "the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." Id.

4

(citations omitted).

In this instance, defendants have not clearly identified the sanctions they seek, beyond asking for attorneys fees and costs for their contempt motions. I agree that Attorney Kaplunovsky should be required to compensate defendants for costs incurred in bringing their contempt motions. In light of the straightforward nature of the motions, I conclude that $300 for each defendant who moved for contempt is appropriate. Lightspeed Media Corp., 761 F.3d at 711 (affirming civil contempt sanction based on estimated costs and fees incurred by defendants in litigating contempt motion).

However, in light of Attorney Kaplunovsky's inaction thus far, I doubt that the imposition of additional costs and fees will spur him to comply with previous sanction orders. Defendant Thorson suggests that a fine of $5,000.00 be imposed on Attorney Kaplunovsky, but such fine would seem to be criminal in nature and would require a full criminal proceeding. Trudeau, 579 F.3d at 769 (citing Fed. R. Crim. P. 42). That being said, I believe it may be appropriate to impose a coercive civil contempt sanction on Attorney Kaplunovsky in order to compel compliance with the court's previous orders. In particular, I will consider imposing a fine of $200 a day for each day that Attorney Kaplunovsky fails to pay the sanctions owed to defendants. I will give Kaplunovsky a 30-day grace period before the fine will be imposed. If Kaplunovsky pays the sanctions he owes in full before the expiration of the grace period, or if he submits evidence establishing good cause for his failure to do so, such as complete inability to pay, he will incur no additional sanctions. However, if Kaplunovsky fails to pay the sanctions in full or fails to submit evidence

5

sufficient to explain his non-compliance with previous orders, he will begin to incur additional sanctions of $200 a day for each day he is not in compliance. Because Kaplunovsky has an opportunity to "purge" these sanctions before they are imposed by complying with the court's previous orders, they are civil in nature. Finally, I will set a hearing to be held approximately two months from now to address the status of Kaplunovsky's compliance. If Kaplunovsky pays the sanctions he owes or shows that he is unable to do so, this hearing will be removed from the court's calendar. Otherwise, Kaplunovsky must appear as ordered or face additional sanctions, including the potential of criminal sanctions.

ORDER

IT IS ORDERED that

1. The motions for finding of contempt filed by defendant Deborah Asher, dkt. #75, Pamela Veith, dkt. #78, Lauren Otto, dkt. #80, and Robert Thorson, dkt. #82, are GRANTED IN PART, as follows:

    a. Attorney Eliyahu Yuli Kaplunovsky may have until September 26, 2018, in which to either (I) submit evidence showing good cause for his failure to pay the sanctions ordered, such as his complete inability to pay, or (ii) pay the $20,075.27 in sanctions previously ordered, as well as an additional $1,200.00 for the costs incurred by defendants Asher, Veith, Otto and Thorson in bringing the contempt motions ($300.00 to each moving defendant).

b. If Attorney Kaplunovsky fails to pay the full amount of sanctions owed, or alternatively, fails to submit evidence showing good cause for his failure to pay the sanctions ordered, such as his complete inability to pay, by September 26, 2018, the court will impose a fine of $200 per day for each day that Kaplunovsky remains out of compliance after that date.

c. If Kaplunovsky fails to pay all of the sanctions owed or fails to submit evidence showing good cause for his failure to pay the sanctions ordered, such as his complete inability to pay, by September 26, 2018, he must appear in person at a hearing to be set by the court on October 24, 2018 to explain his non-compliance. If such a hearing is necessary, the court will consider whether to impose additional contempt sanctions, including criminal sanctions. Defendants may appear at the hearing by telephone if they choose.

Entered this 22d day of August, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge