IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE PETTENGILL,
CHRISTOPHER PETTENGILL,
BRIDGET R. PETTENGILL,
WILLIE R. PETTENGILL, as next friend
of ENP, a minor,

                        Plaintiffs,

    v.

HON. BRODERICK CAMERON,
HON. STEVEN R. CRAY, GAIL PROCK,
KARI HOEL, DEBORAH ASHER, RITA
RAILHE, LAUREN OTTO, PAMELA
VEITH, ROBERT THORSON, ESTATE OF
DAVID NANSTED, DECEASED, TERESA
NANSTAD, DOES 1-20,

                        Defendants.

ORDER

17-cv-677-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing was held by telephone in this case on October 24, 2018, to determine whether sanctions should be imposed on Eliyahu Yuli Kaplunovsky for his filing of a baseless lawsuit against defendants for allegedly tortious acts, including violations of the United States Constitution, conspiracy, sexual assault, battery and malpractice. The court granted the unopposed motions for dismissal filed by all the defendants on January 30, 2018, as well as the unopposed motion for the imposition of sanctions against plaintiffs' counsel filed by defendants Pamela Veith, Lauren Otto and Deborah Asher. Dkt. #46. (Plaintiffs waived

1

their rights to oppose dismissal by failing to respond to the dismissal motions, but the waiver is irrelevant because their claims were barred by the doctrines of judicial immunity, quasi-judicial immunity, Eleventh Amendment immunity, issue preclusion, Rooker-Feldman and the domestic relations exception. Alternatively, their allegations were too vague and conclusory to support claims for relief. Their motion for reconsideration was denied on March 28, 2018. Dkt. #65. In the same order, I gave defendant Robert Thorson until April 4, 2018 to submit an itemized request for attorney fees and I determined that awards of attorney fees were to be made to defendants Veith ($4,072), Asher ($4,513.27) and Otto ($5,000).

On May 4, 2018, the March 28, 2018 order was amended to make it clear that plaintiffs' counsel, and not plaintiffs themselves, were responsible for paying the award of sanctions. Dkt. #74. When plaintiffs' counsel had not paid any money toward the awards of sanctions, several defendants filed motions for contempt. Dkts. ##76, 78, 80 and 82. Kaplunovsky responded on July 25, 2018, dkt. #84, repeating the unpersuasive arguments he had made in the motion for reconsideration of the dismissal order. The contempt motions were granted and Kaplunovsky was given a choice: either submit evidence showing good cause for his failure to pay the sanctions, such as being unable to do so, or pay the $20,075.27 in sanctions as well as an additional $1,200 for the additional costs incurred by defendants Asher, Veith, Thorson and Otto in bringing the contempt motions. Dkt. #85. In addition, Kaplunovsky was told that if he did not pay the amounts ordered or show cause why he could not do so, he would face an additional sanction of $200 a day and he would

have to appear for a contempt hearing on October 24, 2018. Id. He did not respond to this order.

On October 23, 2018, one day before the scheduled in-person contempt hearing, Kaplunovsky called the court to say that he could neither satisfy the costs of the sanctions and additional fees and costs imposed on him by the court nor pay the costs of traveling to Wisconsin to appear in court the next day. Instead, he asked for, and was granted, leave to appear by telephone. On October 24, 2018, Kaplunovsky and counsel for defendants Asher, Veith, Otto and Thorson participated in the hearing by teleconference.

Kaplunovsky continues to say that he was financially unable to pay the costs imposed on him by the court. However, he appears to recognize his obligation to pay those costs and he offered to deposit $1000 to the court each month, to be disbursed in equal shares to defendants Otto, Thorson, Asher and Veith. These payments are to continue until each of these defendants has been fully reimbursed for his or her portion of the $21,275.27 in costs incurred in defending against the baseless complaint he brought against them and in bringing motions of contempt against him, as set out in dkt. #85. In addition, Kaplunovsky offered to pay interest on the total payment in the amount of 10% on the unpaid portions. Defendants Asher, Veith, Otto and Thorson accepted the offer on the record.

Kaplunovsky's payments are to begin no later than December 10, 2018. It is understood that each subsequent payment shall be at least $1000, that the payment is be made no later than the fifth of each month and that the payments continue until Kaplunovsky's obligation to pay $21,275.27 plus 10% interest has been fulfilled.

If defendants Asher, Veith, Otto and Thorson do not receive payment in full as set out in this order, they remain free to seek additional assistance from the court.

ORDER

IT IS ORDERED that Eliyahu Yuli Kaplunovsky is to reimburse the following defendants in the amounts set out below.

1. Defendant Deborah Asher: the sum of $5287.07, plus interest at the rate of 10%, running from December 10, 2018;

2. Defendant Pamela Veith:  the sum of $4757.00, plus interest at the rate of 10%, running from December 10, 2018;

3. Defendant Lauren Otto: the sum of $5943.50, plus interest at the rate of 10%, running from December 10, 2018; and

4. Defendant Robert Thorson: the sum of $5288.00, plus interest at the rate of 10%, running from December 10, 2018.

Entered this 29th day of October, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge